# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARIA ELVIA SMITH,

    Plaintiff,

    v.                                                                   Case No. 22-CV-1535

MERRICK B. GARLAND, et al.,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

Maria Elvia Smith, a citizen of Mexico, brings this action seeking judicial review under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.* and for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, challenging the United States Citizenship and Immigration Services' ("USCIS") denial of her application for employment authorization, Form I-765. (Compl., Docket # 1.) Smith also requests an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). Defendants move to dismiss Smith's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Docket # 6.) Defendants also request Smith's motion for EAJA fees be denied. (Docket # 6.) For the reasons stated below, Defendants' motion to dismiss is granted, and the case is dismissed. Smith's request for EAJA fees is denied.

## BACKGROUND

Smith, a citizen of Mexico, was married to Arlo Henry Smith, a United States citizen, until his death on February 6, 2014. (Compl. ¶ 2.) On May 23, 2013, Arlo filed a Form I-130 Petition for Alien Relative with USCIS on Smith's behalf. (*Id.*) As Smith's I-130 petition was pending upon Arlo's death, the petition was converted to an I-360 Widow Petition by operation of law. (*Id.*) USCIS denied Smith's I-360 petition on April 4, 2019. (*Id.*, Ex. 1.) USCIS concurrently denied her I-485 Application for Adjustment of Status. (*Id.*) On April 24, 2019, Smith timely filed a Form EOIR-29, Notice of Appeal to the Board of Immigration Appeals from a Decision of a USCIS Officer, with the USCIS Milwaukee Field Office. (*Id.*, Ex. 2.) Smith also filed a motion to reopen and reconsider the denial of her I-485 application. (*Id.*, Ex. 3.)

While the appeal was pending, on June 20, 2019, Smith filed an application for employment authorization pursuant to 8 C.F.R. § 274.a(12)(c), specifically referencing this section as the basis for her application. (*Id.* ¶ 3, Ex. 4.) Section 274.a(12)(c) addresses certain categories of noncitizens who must apply for work authorization, as opposed to those for whom work authorization is automatically authorized. *See* 8 C.F.R. § 274.a(12). Smith falls into § 274.a(12)(c)(9), a category including noncitizens who have filed an application for adjustment of status to lawful permanent resident, and she applied for work authorization as a member of this category. (Compl., Ex. 5.) Section 274.a(12)(c) provides that for those noncitizens falling within a class described in subsection (c) who must apply for work authorization, the "USCIS, in its discretion, may establish a specific validity period for an employment authorization document, which may include any period when an

administrative appeal or judicial review of an application or petition is pending." (*Id.* ¶ 3; 8 C.F.R. § 274.a(12)(c).)

On July 3, 2019, USCIS denied Smith's application for employment authorization, stating that "since you no longer have a pending Form I-485, you are not eligible for employment authorization based on the pending application." (*Id.* ¶ 4, Ex. 5.) Smith moved to reopen the decision, and on December 6, 2022, USCIS denied the motion. (*Id.* ¶ 5, Exs. 6, 7.) Smith alleges that USCIS denied the motion with no reference to the relevant section of law. (*Id.* ¶ 5, Ex. 7.) In a decision dated March 24, 2023, the Board of Immigration Appeals upheld the denial of Smith's I-360 petition. (Docket # 10.)

## LEGAL STANDARDS

Smith seeks relief under both the Administrative Procedures Act and the Declaratory Judgment Act. Defendants have moved to dismiss Smith's complaint under Rule 12(b)(1), arguing that the Court lacks subject matter jurisdiction to review the agency action at issue. Defendants alternatively move to dismiss the complaint for failure to state a claim under Rule 12(b)(6).

1. *Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A factual challenge contends that "there is *in fact* no subject matter jurisdiction," even if the pleadings are formally sufficient. *Id.* (internal quotation and citation omitted). In reviewing a factual challenge, the court may look beyond the pleadings and view any

3

evidence submitted to determine if subject matter jurisdiction exists. *Id.* In contrast, a facial challenge argues that the plaintiff has not sufficiently "*alleged* a basis of subject matter jurisdiction." *Id.* (internal quotation and citation omitted). In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Id.* Defendants raise a facial challenge to Smith's complaint. (Docket # 7 at 9.)

  2. *Rule 12(b)(6)*

A motion to dismiss under Rule 12(b)(6) tests whether the complaint properly states a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A short and plain statement "'gives[s] the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained

4

in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the nonmoving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

Under Federal Rule of Civil Procedure 12(d), the Court must convert a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the Court." Fed. R. Civ. P. 12(d). If "a court chooses to consider materials outside the pleadings," then it "must treat the motion as one for summary judgment" unless the materials considered are either subject to judicial notice or essential to the plaintiff's claims. *Mauger v. Metro. Life Ins. Co.*, No. 3:21-CV-190 JD, 2021 WL 2826792, at *2 (N.D. Ind. July 7, 2021). *See also Facebook, Inc. v. Teachbook.com LLC*, 819 F. Supp. 2d 764, 770 (N.D. Ill. Sept. 26, 2011) (finding that in addition to the allegations in the complaint, courts are free to examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" in evaluating a motion to dismiss under Rule 12(b)(6)).

## ANALYSIS

### 1. Subject Matter Jurisdiction

Smith challenges the defendants' denial of her I-765 petition seeking employment authorization under the APA. Section 702 of the APA states that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Further, the reviewing court shall "hold unlawful and set aside agency action, findings, and

conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706(2). However, the APA precludes jurisdiction to the extent that "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). The § 701(a)(2) exception for action committed to agency discretion is read "quite narrowly, restricting it to 'those rare circumstances where the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2568 (2019) (internal citation omitted). In determining whether this narrow exception to reviewability applies, § 701(a)(2) requires careful examination of the statute on which the claim of agency illegality is based to assess the scope of the discretion Congress conferred on the agency. *Webster v. Doe*, 486 U.S. 592, 600 (1988).

In this case, courts have concluded that Congress "has neither directly addressed nor mandated the issuance of employment authorization documents to noncitizen workers. Rather, employment authorization for aliens is 'purely [a] creature[ ] of regulation.'" *Kondapally v. U.S. Citizenship & Immigr. Servs.*, 557 F. Supp. 3d 10, 26 (D.D.C. Aug. 16, 2021) (internal citation omitted). In other words, there is no statute providing a standard for a court to apply when reviewing one's challenge of a denial of a I-765 application. *Id.*

When there is no statutory authority, "[j]udicially manageable standards supporting review" can also be found in formal and informal policy statements and regulations. *Id.* However, in the case of § 274a.12(c), "the underlying regulations do not set out any such standards." *Id.* Rather, noncitizens seeking work authorization during the pendency of an I-485 application under 8 C.F.R. § 274a.12(c)(9) are members of a class who "must apply for work authorization," *id.* § 274a.12(c), and under 8 C.F.R. § 274a.13(a)(1), approval or

6

denial of the I-765 application "is within the discretion of USCIS," without any textual limitation on that discretion. *Id.* The regulatory provisions do not "list any standards by which a court could measure the sufficiency of the validity period, and in fact expressly reserves such determinations for USCIS." *Id.* at 26 (citing 8 C.F.R. § 274a.12(c)). Thus, "courts have routinely held that approving or denying the I-765 application, establishing the length of the EAD [employment authorization document] period, and deciding whether to extend the EAD period to encompass the pendency of any review, are decisions committed to USCIS's discretion and outside the purview of judicial review." *Id.*

Smith agrees that this Court has no jurisdiction to review USCIS' discretionary determinations. (Docket # 10 at 2.) She argues, however, that the fact the application requires an exercise of discretion does not end the analysis. (*Id.*) Smith asserts that in her case, USCIS did not, in fact, exercise discretion in denying her petition, but made an incorrect legal determination that Smith was not eligible to apply. (*Id.*) Smith contends that this decision is reviewable by the Court. (*Id.*)

In *Kondapally v. U.S. Citizenship & Immigr. Servs.*, the district court of the District of Columbia considered, and rejected, this same argument. In that case, plaintiff's I-765 application was denied after the denial of his I-485 application on the grounds that he no longer had a pending I-485 petition, which is a prerequisite for work authorization. 557 F. Supp. 3d at 19. Plaintiff refiled his Form I-765, noting that he had ongoing administrative and judicial review. *Id.* While USCIS reopened plaintiff's I-485, the USCIS issued a notice of intent to deny a week later and a final denial about two months later. *Id.* Plaintiff's I-765 application was denied the same day. *Id.*

Kondapally challenged USCIS' denial of his I-765 application under the APA, arguing that its denial "was arbitrary and capricious because defendants failed to consider plaintiff's eligibility for continued employment authorization under 8 C.F.R. § 274a.12(c) while he seeks judicial and administrative review of the denial and revocation of his immigration benefits." *Id.* at 25. Like Smith, Kondapally argued that judicial review was available because "the evidence reflects that no discretion was exercised" in denying his I-765 application since the application was denied only because his I-485 application was denied. *Id.* at 26.

While the court acknowledged that USCIS' decision denying plaintiff's I-765 application "makes no reference to the relevant provision of 8 C.F.R. § 274a.12(c)," the court rejected plaintiff's argument, finding that while it was "[p]erhaps true" that USCIS did not demonstrate an exercise of discretion, it was "irrelevant" because the "unreviewability of decisions 'committed to agency discretion' does not turn on the particular rationale cited by the agency in the course of issuing its discretionary decision." *Id.* at 27. The court continued:

> [U]nreviewability results from "the nature of the administrative action at issue" and the absence of statutory or regulatory standards for carrying out the action in question . . . . Thus, while USCIS may have determined that, as a matter of internal policy, I-765 applications as to which the underlying I-485 application is denied must also be denied, *that* policy determination was in the first instance an exercise of agency discretion, outside the scope of judicial review.

*Id.* (internal quotation and citations omitted).

Similarly, in *Villafranca v. Cowan*, No. CV B-18-39, 2018 WL 8665002 (S.D. Tex. July 3, 2018), *report and recommendation adopted*, No. 1:18-CV-039, 2018 WL 8665000 (S.D. Tex. Aug. 16, 2018), plaintiffs entered the United States from Mexico on visitor visas. Their

daughter, a U.S. citizen, filed an alien relative visa on behalf of the plaintiffs. *Id.* at *1–2. Plaintiffs filed I-485 forms for adjustment of status as well as applications for employment authorization documents to allow them to legally work while their I-485 applications were pending. *Id.* The employment applications were granted, and each plaintiff received extensions while their I-485 applications were pending. *Id.* at *2. Both I-485 applications were eventually denied, however, and plaintiffs' daughter appealed the denial of the alien relative petitions. *Id.* Following the denials, plaintiffs twice sought to have their employment authorizations renewed under the theory that their I-485 applications were still pending. *Id.*

The USCIS denied the renewal applications. *Id.* In the denial, the USCIS stated that because the I-485 applications were denied, plaintiffs "no longer have a pending I-485 application," and for that reason, "are not eligible for employment authorization based on the pending application." *Id.* The court stated that "[i]n other words, because the petition to adjust status to LPR was denied by USCIS, USCIS determined that Plaintiffs were no longer be eligible for EADs." *Id.* Plaintiffs filed a writ for habeas corpus in federal court seeking relief under the APA. *Id.* at *3. Plaintiffs argued that the USCIS' decision was contrary to the applicable regulations, which mandate that employment authorizations be continuously available to them until such time that their LPR application is granted or they are ordered removed from the country. *Id.* at *8. Defendants moved to dismiss under Rule 12(b)(1) and Rule 12(b)(6). *Id.* at *3.

The court concluded that it lacked subject matter jurisdiction to review the denials of plaintiffs' applications. In so holding, the court considered that Congress never directly mandated the issuance of employment authorization documents to noncitizens; rather, authorization of employment is "purely a creature of regulation." *Id.* at *8 (internal

9

Case 2:22-cv-01535-NJ   Filed 05/31/23   Page 9 of 14   Document 12

quotation and citation omitted). Thus, the court concluded, "it can be fairly said that Congress has given USCIS unfettered discretion concerning the issuance of employment authorization to aliens." *Id.* The court noted that the regulation "lists no standards by which the Court can measure the agency's decision to deny an application, or even any standards as to how long such an employment authorization is valid." *Id.* Further, "[t]he regulation lists no standards for making the decision and does not require the agency to make any sort of factual findings when making that decision." *Id.* Thus, while plaintiffs argue that the regulations mandate that employment authorizations be available until their LPR application is granted or they are ordered removed from the country, the court found no such mandate. Rather, the express terms of the regulation give USCIS the discretion "to determine whether it will grant the employment authorization for a period lasting just until USCIS makes a decision on the LPR petition and no longer." *Id.* at *9. Because there is no standard by which to measure USCIS' decision, the court found that it lacked jurisdiction to review it and dismissed plaintiffs' claims under the APA. *Id.* at *10.

Smith argues that § 274a.12(c) provides that so long as an appeal of the denial of her I-485 application is pending, she is eligible to apply for employment authorization. (Docket # 10 at 2–3.) Thus, Smith argues that USCIS' failure to consider her application because her I-485 application was no longer pending, without considering her appeal status, was contrary to law. (*Id.*) But this is not what § 274a.12(c) says. Again, Smith falls under § 274a.12(c)(9), which covers those noncitizens who have filed an application for adjustment of status to lawful permanent resident. But by the time Smith filed her I-765 Form, her I-485 application was no longer pending. (Compl. ¶¶ 2–3.) Section 274a.12(c) provides, however, that "USCIS, in its discretion, *may* establish a specific validity period for an employment

authorization document, which *may* include any period when an administrative appeal or judicial review of an application or petition is pending." *Id.* (emphasis added). Nothing in either § 274a.12(c) or § 274a.12(c)(9) provides that a noncitizen whose I-485 application was denied but is on appeal falls under the category of noncitizens who must apply for employment authorization. Rather § 274a.12(c) merely provides that USCIS has discretion to establish a validity period for employment authorization—the regulations do not mandate that employment authorizations be available for any specific period of time. *See Villafranca*, 2018 WL 8665002, at \*8. And again, the regulation does not address whether one is eligible to apply in the first instance based on a pending appeal.

Contrast Smith's case to that of the plaintiff in *Castro Bustillo v. McAleenan*, No. 3:19-CV-00388, 2020 WL 1274600 (M.D. Tenn. Mar. 17, 2020), in which the court determined that it did have subject matter jurisdiction to review the denial of an I-765 application. In this case, removal proceedings were pending against the plaintiff before the United States Department of Justice Executive Office for Immigration Review. *Id.* at \*1. Plaintiff subsequently filed an Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents. *Id.* Some years after, the plaintiff filed a Form I-765 seeking permission for employment pursuant to 8 C.F.R. § 274a.12(c)(10). *Id.* Section 274a.12(c)(10) provides that noncitizens who have "filed an application for suspension of deportation under section 244 of the Act[,] . . . cancellation of removal pursuant to section 240A of the Act, or special rule cancellation of removal under section 309(f)(1) . . . and whose properly filed application has been accepted by the Service or EOIR," must apply for employment authorization. USCIS sent the plaintiff a Request for Evidence requesting he provide evidence that his Form EOIR-42b had been properly filed with the immigration

court and remained pending so as to establish his ongoing eligibility for employment authorization. *Id.* While the plaintiff responded within the time provided, USCIS denied his I-765 application stating that because the plaintiff failed to submit all of the requested evidence, he failed to establish his eligibility to apply for employment authorization. *Id.*

The plaintiff sought review under the APA for the denial of his Form I-765 application. *Id.* at *2. The defendants moved to dismiss under Rule 12(b)(1), arguing that the court lacked subject matter jurisdiction over the discretionary decision of the USCIS to deny the plaintiff's I-765 application. *Id.* The court agreed that USCIS' denial of the plaintiff's I-765 application was not a discretionary decision. *Id.* at *4. In so finding, the court stated:

> While the applicable regulations state that approval of employment authorization applications "are within the discretion of USCIS," Plaintiff's principle argument concerns Defendants' determination that he had not submitted evidence to establish his eligibility for employment authorization (i.e., that he had properly filed his cancellation of removal proceedings application with an immigration court), rather than any denial of his employment authorization application on the merits. In other words, although approval of employment authorization applications is within the discretion of USCIS, the decision whether there even is a cognizable application given the compliance or non-compliance with the cancellation of removal application filing requirements of Section 274a.12(c)(10), is not discretionary.

*Id.* (internal citation omitted). Thus, USCIS' alleged error in *Castro Bustillo* was misapplication of § 274a.12(c)(10)'s requirement that the noncitizen have a "properly filed application" in order to fall within that category of noncitizens required to apply for work authorization under the regulations.

In Smith's case, however, a pending I-485 petition is a prerequisite for work authorization under her stated category—§ 274a.12(c)(9). *See Kondapally*, 557 F. Supp. 3d at 19. At bottom, Smith pleads that defendants' error was that the "USCIS denied [her]

12
Case 2:22-cv-01535-NJ   Filed 05/31/23   Page 12 of 14   Document 12

application solely due to the fact that USCIS had denied the I-485." (Compl. ¶ 17.) But as the *Kondapally* court found, "while USCIS may have determined that, as a matter of internal policy, I-765 applications as to which the underlying I-485 application is denied must also be denied, *that* policy determination was in the first instance an exercise of agency discretion, outside the scope of judicial review." 557 F. Supp. 3d at 27. For these reasons, I find the Court lacks subject matter jurisdiction to decide Smith's claim under the APA. As such, Defendants' motion to dismiss Count I under Rule 12(b)(1) is granted.

While Smith also requests a declaratory judgment that the defendants' actions failed to follow federal law and established agency guidelines in violation of the APA and the applicable regulations (Compl., Count II), the Court lacks subject matter jurisdiction over Smith's request because the Declaratory Judgment Act provides a judicial remedy only—it does not confer subject matter jurisdiction. *Singh v. Johnson*, No. 1:15-CV-1916-WTL-MPB, 2016 WL 4398707, at *3 (S.D. Ind. Aug. 17, 2016); *see also Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 935 (7th Cir. 2008) ("'[T]he Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction,' and requires an 'independent basis for jurisdiction.'") (quoting *GNB Battery Technologies v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995)). Thus, Count II is also dismissed under Rule 12(b)(1).

    2.    *EAJA Fees*

Finally, Smith seeks attorneys' fees and costs under the Equal Access to Justice Act. (Compl., Count IV.) In her complaint, Smith pleads that a prevailing party may be entitled to EAJA fees, and to qualify as a "prevailing party," a plaintiff must receive at least some relief on the merits of her claim. (*Id.* ¶¶ 39–41.) As Smith's complaint is dismissed for lack of

subject matter jurisdiction, she is not a prevailing party under the EAJA and is not entitled to attorneys' fees or costs. As such, her request is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Docket # 6) is **GRANTED**. Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. The clerk of court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31st day of May, 2023.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge